**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Vanessa Jones-Watt, | |
| Plaintiff, | Case No. 1:19-cv-04165 |
| v. | Judge: Virginia M. Kendall |
| Midland Funding, LLC; Midland Credit Management, Inc.; Encore Capital Group, Inc., | Magistrate Judge: Jeffrey Cummings |
| Defendants. | |

**MOTION TO STAY DISCOVERY DURING THE PENDENCY OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Midland Funding, LLC ("Midland"), Midland Credit Management, Inc. ("MCM") and Encore Capital Group, Inc. ("Encore") (together "Defendants") by and through their counsel, Brandon S. Stein and David M. Schultz of Hinshaw & Culbertson, LLP, hereby move this Court, pursuant to Fed. R. Civ. P. 26, to stay discovery pending the Court's ruling on Defendants' Motion to Dismiss Plaintiff's Complaint.[1] In support of its Motion to Stay Discovery, Defendants *respectfully* state as follows:

**INTRODUCTION**

Defendants filed a motion to dismiss Plaintiff's entire Complaint contemporaneously with the filing of this Motion. *See* Dkt. # 14-15. Defendants' motion to dismiss rests on purely legal arguments for which no discovery is required. Defendants argue in their motion to dismiss that Plaintiff fails to state a claim because her theory is undermined by orders filed in a state court lawsuit. Plaintiff is a participant to that lawsuit, and she and her Counsel already have in their possession (or have access to) all of the documents that Defendants have supported their Motion to Dismiss with. This Court can resolve Defendants' motion purely by reviewing the allegations of the

---

[1] Defendants understand that this Court is participating in the MIDP program, and cannot stay MIDP disclosures under these circumstances. However, Defendants ask that the Court stay all other discovery besides the MIDP responses.

Complaint, the documents attached to Defendants' Motion to Dismiss, and considering the applicable legal authorities that are raised in Defendants' motion. No discovery is necessary.

## ARGUMENT

## I. THIS COURT SHOULD STAY DISCOVERY UNTIL IT ISSUES AN ORDER ON DEFENDANTS' CONTEMPORANEOUSLY FILED MOTION TO DISMISS.

Defendants' Motion to Stay Discovery should be granted because the Federal Rules of Civil Procedure provide this Court with broad discretion to protect Defendants from the expense, undue burden, and annoyance of having to respond to discovery while it has a motion pending that may dispose of this entire litigation. It could prove to be a waste of judicial and party resources to require discovery to proceed while the dispositive motion is pending.

### A. It Is Well Established That This Court Can Stay Discovery While Defendants' Dispositive Motion Is Pending.

"Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery." *Duneland Dialysis LLC v. Anthem Ins. Co., Inc.*, 2010 U.S. Dist. LEXIS 33599, *4 (N.D. Ind. Apr. 6, 2010). District courts enjoy broad discretion in controlling discovery. *Cent. States, Se. and Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012). Controlling discovery includes managing the timing, extent, frequency, and manner of discovery. *Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 U.S. Dist. LEXIS 105056, *4 (N.D. Ind. Sept. 15, 2011); *Bilal v. Wolf*, 2007 U.S. Dist. LEXIS 41983, *2 (N.D. Ill. June 6, 2007). Rule 26(c) allows this Court to issue an order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

"It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) (quoting *Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D.D.C. 2004)). "Stays of discovery are not disfavored and are often appropriate where the

motion to dismiss can resolve the case-at least as to the moving party. . . ." *Id.*; *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted.") "Numerous cases in this circuit have [] allowed stays in the face of a Rule 12(b)(6) challenge." *Bilal,* 2007 U.S. Dist. LEXIS 41983, at *2. Stays of discovery pending a ruling from a Court on a motion to dismiss are granted "with substantial frequency." *Bilal*, 2007 U.S. Dist. LEXIS 41983, at *2.

"Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery." *Id.* at *4 (*citing Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997)). Stays of discovery while a motion to dismiss is pending have been granted with even greater frequency following the Supreme Court's decision in *Twombly*, which recognized the need to spare defendant the costs of discovery into meritless claims. *Dillinger LLC v. Electronic Arts, Inc.*, , 2010 U.S. Dist. LEXIS 139139, *2 (S.D. Ind. May 11, 2010).

**B.     The Court Should Stay Any Discovery Until The Court Rules On Defendants' Motion to Dismiss.**

In light of the authorities cited above, the Court should exercise its discretion to stay discovery in this matter until the Court resolves Defendants' motion to dismiss, as that motion could resolve this case in its entirety. *See Dillinger*, 2010 U.S. Dist. LEXIS 139139, at *1-2 ("Courts have long exercised [their] discretion to stay discovery after a timely filed motion to dismiss.") Defendants' motion to dismiss establishes that Plaintiff's Complaint should be dismissed because the theory is undermined by orders from a state court lawsuit.

Thus, discovery should be stayed until the Court determines whether Plaintiff's instant claims may proceed. Otherwise, the parties will perform unnecessary, burdensome, and expensive

3

discovery on a case that may be dismissed in its entirety. *See Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009); *Jupiter Aluminum Corp. v. Sabaitis*, 2016 U.S. Dist. LEXIS 123843, *19 (N.D. Ind. Sept. 13, 2016) (*citing Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008)).

The nature of this case presents even more compelling reasons for the Court to grant Defendants' Motion than an ordinary case. A stay of discovery is especially important because Plaintiff's claims are based on a fee-shifting statute. Two scenarios illustrate this point. First, if discovery goes forward and Defendants do not prevail on their motion to dismiss, the prospect of settlement will become less likely, as Plaintiff will demand additional attorneys' fees, and Defendants' costs will have risen. If discovery is stayed during the court's consideration of the motion to dismiss, the parties will not expend any additional attorneys' fees partaking in costly discovery expeditions. Second, if discovery is not stayed and then the Court grants Defendants' motion, the parties will have expended considerable resources partaking in discovery that proved to be have provided no benefit to anyone.

In order to save both the parties and the Court substantial time, fees, and costs, this Court should stay discovery in this matter until the questions of law that require no discovery and are currently pending before this Court are resolved.

WHEREFORE, Defendants, Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. pray that this Honorable Court enter an order staying discovery until further Order of the Court, which would be sometime after the Court renders an opinion on Defendants' Motion to Dismiss. Should the Court set this Motion for further briefing or take the Motion under advisement to rule on at a later date, Defendants additionally ask that the Court stay discovery until a decision is issued on this instant motion, as well as for the court to grant any other relief to Defendants that the Court deems equitable and just.

4

Respectfully submitted,

MIDLAND FUNDING, LLC; MIDLAND
CREDIT MANAGEMENT, INC.; ENCORE
CAPITAL GROUP, INC.

*/s/ Brandon S. Stein*
Brandon S. Stein

David M. Schultz
Brandon S. Stein
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Email:  dschultz@hinshawlaw.com
        bstein@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing **Motion to Stay Discovery During the Pendency of Defendants' Motion to Dismiss Plaintiff's Complaint** by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

*/s/ Brandon S. Stein*